UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWNA LOWNEY, on behalf
of herself and on behalf of all others
similarly situated,

    Plaintiff,

v.                                   Case No.:

DÉJÀ VU SHOWGIRLS OF TAMPA, LC, and
MARK FIGUEROA, an individual

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAWNA LOWNEY, ("Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendants, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, and MARK FIGUEROA in his individual capacity, ("Defendants"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq. and Internal Revenue Code, 26 U.S.C. § 7434.

2. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 29 U.S.C. § 201 et seq.

4. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

5. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court". 26 U.S.C. § 7434(d).

## **PARTIES**

6. Plaintiff is a resident of Hillsborough County, Florida.

7. Defendant DÉJÀ VU SHOWGIRLS OF TAMPA, LC operates an adult entertainment establishment in Tampa, in Hillsborough County, Florida.

8. Defendant, MARK FIGUEROA, is the manager of DÉJÀ VU SHOWGIRLS OF TAMPA, LC. and resident of Hillsborough County, Florida.

## **GENERAL ALLEGATIONS**

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

12. At all times material hereto, Named Plaintiff, SHAWNA LOWNEY, was employed by Defendants as an adult entertainer.

2

13. The collective action of similarly situated employees consists of all other adult entertainers employed by Defendants within the last three years. These similarly situated persons will be referred to as "similarly situated employees".

14. At all times material hereto, Plaintiff and similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiff and similarly situated employees were "employees" of Defendant, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, within the meaning of the FLSA.

16. At all times material hereto, Defendant, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendant, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, continues to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendant, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

19. At all times relevant to this action, Defendant, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

20. At all times relevant to this action, the annual gross sales volume of Defendant, DÉJÀ VU SHOWGIRLS OF TAMPA, LC, exceeded $500,000.00 per year.

21. Defendant, MARK FIGUEROA, is the manager of DÉJÀ VU SHOWGIRLS OF TAMPA, LC.

22. As part of his duties, Defendant, MARK FIGUEROA, supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff and similarly situated employees. Defendant, MARK FIGUEROA, also controlled the payroll practices of DÉJÀ VU SHOWGIRLS OF TAMPA, LC.

23. Through the exercise of dominion and control over all employee-related matters at DÉJÀ VU SHOWGIRLS OF TAMPA, LC., in his individual capacity, MARK FIGUEROA is also an "employer" within the meaning of the FLSA.

## FACTS

24. Plaintiff, SHAWNA LOWNEY, began working for Defendants as an adult entertainer in 1998, and she worked in this capacity until November 2016.

25. At all times material hereto, in an effort to avoid providing Plaintiff and similarly situated employees with the minimum benefits and protections afforded employees under Federal law, Defendants have willfully misclassified Plaintiff and similarly situated employees as independent contractors, rather than an employees, despite the fact that the factual circumstances of the relationship between Defendants and Plaintiff and similarly situated employees demonstrates that Plaintiff and similarly situated employees were in fact employees of Defendants.

26. At all times material hereto, Plaintiff and similarly situated employees worked hours at the direction of Defendants, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

4

27. At all times material hereto, Plaintiff and similarly situated employees were compensated for their services in the form of tips from patrons.

28. At all times material hereto, Plaintiff and similarly situated employees were compensated for their services in the form of tips from patrons which Plaintiff and similarly situated employees were required to split with Defendants' employees such as but not limited to doormen, DJs, and floor employees who do not usually and customarily receive tips, in the form of tip outs thereby poisoning any potential tip pool.

29. At various times material hereto, Plaintiff and similarly situated employees worked hours in excess of forty hours within a work week for Defendants, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

30. By failing to accurately record all of the hours worked by Plaintiff and similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

31. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

32. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiffs' earnings and to provide Plaintiffs with accurate W-2 tax statements for each tax year during which Plaintiffs worked.

33. Defendants' actions were willful, and showed reckless disregard for the

provisions of the Internal Revenue Code.

34. Defendants had a legal obligation to file accurate tax statements with the IRS.

## **COLLECTIVE ACTION ALLEGATIONS**

35. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants, ("Collective Action") pursuant to 29 U.S.C. § 216(b). The Collective Action is composed of adult entertainers whom Defendants failed to compensate for all the hours worked in accordance with the FLSA.

36. Therefore, notice is properly sent to: "All adult entertainers whom Defendants failed to compensate for all of the hours that they worked from January 2014 to the present."

37. The total number and identities of the Collective Action members may be determined from the records of Defendants, and the Collective Action may easily and quickly be notified of the pendency of this action.

38. Plaintiff is similar to the Collective Action because she and the Collective Action have been unlawfully denied full payment of their wages as mandated by the FLSA.

39. Plaintiff's experience with Defendants' payroll practices is typical of the experiences of the Collective Action.

40. Defendants' failure to pay all wages due by the personal circumstances of the named Plaintiff or of similarly situated employees is common to the Collective Action.

41. Defendants' failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Collective Action.

42. Overall, Plaintiff's experience as an adult entertainer who worked for Defendants is typical of the experience of the Collective Action.

43. Specific job titles or job duties of the Collective Action do not prevent collective treatment.

44. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

### **COUNT I – FLSA OVERTIME VIOLATIONS**

45. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 44 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of herself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

46. During the statutory period, Plaintiff and the Collective Action worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

47. Defendants failed to compensate Plaintiff and the Collective Action for all of the overtime hours that Plaintiff and the Members of the Collective Action worked.

48. The Members of the Collective Action are similarly situated because they were all employed as adult entertainers by Defendants, were compensated in the same

7

manner, and were all subject to Defendants' common policy and practice of failing to pay its adult entertainer for all of the overtime hours that they worked in accordance with the FLSA.

49. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Collective Action are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

50. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. As a result of the foregoing, Plaintiff and the Collective Action have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Collective Action that she seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA collective action, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Collective Action, at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA.

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Collective Action at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendants stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA MINIMUM WAGE VIOLATION

52. Plaintiff realleges and readopts the allegations of paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

53. During the statutory period, Plaintiff and the Collective Action worked for Defendants, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

54. Defendants failed to compensate Plaintiff and the Collective Action at a rate that was at least equal to the applicable federal minimum wage.

55. The Members of the Collective Action are similarly situated because they were all employed as adult entertainers by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its adult entertainers at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

56. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiff and the Members of the Collective Action who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

57. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

58. As a result of the foregoing, Plaintiff and the Collective Action have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Collective Action that she seeks to represent, in accordance with the FLSA.

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA collective action, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Collective Action;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the Collective Action at the applicable statutory minimum wage, as liquidated damages;

(h) Judgment against Defendants stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

**COUNT III– CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)**

59. Plaintiff realleges and readopts the allegations of paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

60. By failing to provide Plaintiff and the Collective Action with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Collective Action as compensation for all of the work Plaintiff and the Collective Action performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

61. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other

12

person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**WHEREFORE**, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for each Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of March, 2017.

Respectfully submitted,

*/s/ Donna V. Smith*

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**